This is an action brought by Meyer M. Semel against the defendant to compel the specific performance of an alleged contract which complainant says was created by the passage of two resolutions of the company fixing his salary at $2,500 a year as secretary, and another one retaining him as general counsel at a salary of $2,500 a year, which salary was to be paid in the form of common stock, said stock to be issued at a par value of $100 per share. The passage of these resolutions is denied by the defendants. The admitted minutes seem to show that Mr. Semel was duly elected secretary of the company and that he was appointed the "agent of this corporation." Mr. Semel's claim is that the resolution fixing his salary as secretary and counsel were duly passed by the corporation, and that he is entitled to receive his compensation in stock. In support of this he produces typewritten papers which, he says, were adopted on certain dates. They are not signed and are dated in lead pencil.
The question, therefore, in the first place, is one of fact: Were these resolutions passed by the corporation? The defendants deny this, and the only evidence in support of the so-called resolutions is that of Semel himself. In my opinion, the facts, without quoting them in extenso, do not justify me in assuming that these resolutions were passed.
Second. It appears, however, that Mr. Semel acted as secretary and counsel for the corporation, and I have no reason to doubt that he gave his best efforts in these capacities to the corporation. It seems to me that, in the absence of a specific agreement between the complainant and the defendant, the question of his compensation as secretary and counsel is a matter of law and can be decided in a quantum meruit therein.
On the incorporation of the company Mr. Semel was given two shares of stock, and the counter-claim is that he should be required to return this stock, because it was only given to him as a matter of convenience. However, it appears that he voted the stock by proxy, which at any time can be revoked, and I think that the counter-claim should be denied, *Page 231 
and it should be decreed that he is the absolute owner of these two shares of stock.
The testimony in this case is rather voluminous, and I have not thought it wise to summarize it here because it deals almost entirely with matters of fact. I shall therefore deny the application of the complainant for a decree for specific performance, and shall deny the counter-claim directing that Mr. Semel pay back to the corporation the two shares which he held at the incorporation of the company and still holds subject to proxies.